UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COBEY FEHR,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,<br><br>        Defendant. | Case No. 2:23-cv-02077-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Stay Discovery (the "Motion"). ECF No. 16. The Court considered the Motion, Plaintiff's Opposition (ECF No. 19), and Defendant's Reply (ECF No. 20). Also pending before the Court is the Stipulated Discovery Plan and Scheduling Order. ECF No. 18.

**I.    Background**

The instant case involves an alleged breach of contract, breach of the covenant of good faith and fair dealing (the "Good Faith claim"), and violation of Nevada Unfair Claims Practices Act (NRS 686A.310) (sometimes "UCPA" or the "Act") based on Defendant's failure to pay benefits supposedly due under Plaintiff's insurance policy. ECF No. 1-2. Defendant filed a Motion for Partial Summary Judgment seeking dismissal of Plaintiff's Good Faith and UCPA claims on January 23, 2024. ECF No. 14. Plaintiff opposed Defendant's Summary Judgment Motion arguing he should be allowed to conduct discovery under Federal Rule of Civil Procedure 56(d). ECF No. 15. In the instant Motion, Defendant says discovery as to Good Faith should be stayed because facts establish the insurer had a reasonable basis for valuing Plaintiff's claims in the manner it did. ECF No. 16 at 7-8. Defendant further argues Plaintiff's UCPA claim fails because Plaintiff did not plead a necessary element of the claim and offers no evidence in support of the claim. *Id*. at 8.[1] Plaintiff counters he is entitled to discovery under Rule 56(d), which militates against Defendant's argument that the Motion for Partial

---

[1]    Defendant also argues if discovery proceeds, Defendant will incur unnecessary costs and undue burden. *Id*. However, this is an insufficient reason to support a stay of discovery. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

1

1  Summary Judgment can be decided without discovery.  ECF No. 19 at 18-20.  Plaintiff contends a
2  "preliminary peek" at Defendant's Motion Partial Summary Judgment shows it is without merit
3  because Plaintiff will be able to obtain or has already presented evidence that, when viewed in the
4  light most favorable to Plaintiff, supports his claims.  *Id.* at 21-24.  Defendant replies Plaintiff is not
5  entitled to discovery under Rule 56(d) because he did not identify any specific facts or information he
6  will learn through discovery essential to opposing summary judgment.  ECF No. 20 at 4-5.  Defendant
7  also argues a preliminary peek reveals it will likely prevail on the pending summary judgment motion
8  because Plaintiff failed to provide any evidence that will overcome the evidence produced by
9  Defendant.  *Id.* at 5-6.

10  **II.**   **Discussion**

11        Generally, a dispositive motion does not warrant a stay of discovery.  *Tradebay, LLC v. eBay,*
12  *Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  "The party seeking a stay ... has the burden to show good
13  cause by demonstrating harm or prejudice that will result from the discovery."  *Rosenstein v. Clark*
14  *Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014),
15  *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted).  Under certain circumstances, it can
16  be an abuse of discretion to deny discovery while a dispositive motion is pending.  *Tradebay*, 278
17  F.R.D. at 602.  For this reason, a party seeking to stay discovery carries the heavy burden of making
18  a strong showing why the discovery process should be halted.  *Tracinda Corp.*, 175 F.R.D. at 556.

19        When deciding whether to stay discovery, the Court takes a "preliminary peek" at the merits
20  of the pending dispositive motion to determine whether the motion is potentially dispositive of the
21  entire case and whether the motion can be decided without additional discovery.  *Tradebay*, 278 F.R.D.
22  at 602; *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL
23  841391, at *1 (D. Nev. Mar. 7, 2011).  In reviewing the merits of a dispositive motion, the Court keeps
24  in mind Federal Rule of Civil Procedure 1's goal for the "just, speedy, and inexpensive" determination
25  of actions.  *Tradebay,* 278 F.R.D. at 602-03.  Nevertheless, motions for summary judgment frequently
26  arise in federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is
27  likely to result in unnecessary discovery delay in many cases."  *Trzaska v. Int'l Game Tech.*, Case No.
28  2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

      a.      <u>Breach of the Covenant of Good Faith and Fair Dealing</u>.

"In order to establish a breach of the implied covenant of good faith and fair dealing, the plaintiff must prove the following: (1) the insurance company had no reasonable basis for its conduct in the handling of plaintiff's claim; (2) the insurance company knew, or recklessly disregarded, the fact that there was no reasonable basis for its conduct; and (3) the insurance company's unreasonable conduct was a legal cause of harm to the plaintiff." *Drye v. Glatfelter Claims Mgmt., Inc.*, Case No. 2:23-CV-00943-RFB-NJK, 2024 WL 1330117, at *7 (D. Nev. Mar. 27, 2024) *citing Falline v. Golden Nugget Hotel & Casino*, 823 P.2d 888, 891 (Nev. 1991)).  In its Motion for Partial Summary Judgment Defendant argues Plaintiff's Good Faith claim fails as a matter of law because Defendant had a "reasonable basis" for its valuation of Plaintiff's claim.  ECF No. 14 at 9-10.  Plaintiff responds that Defendant's claims handling investigation and claim offer were unreasonable, and the discovery to which he is entitled under Fed. R. Civ. P. 56(d) will demonstrate this unreasonableness.  ECF No. 15 at 17-21, 25-27.

Rule 56(d) states that if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may defer consideration of the motion, deny the motion, allow the parties to complete additional discovery, or grant other appropriate relief.  Fed. R. Civ. P. 56(d).  The party seeking discovery under the Rule "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  While the failure to satisfy Rule 56(d)'s requirements permits a court to rule on summary judgment without allowing additional discovery, "[c]ourts should grant Rule 56(d) motions fairly freely when a party has not had any realistic opportunity to pursue discovery relating to its theory of the case" unless "a Rule 56(d) continuance if discovery would be futile." *Ins. Co. of Pennsylvania v. Nat'l Fire & Marine Ins. Co.*, Case No. 2:11-CV-02033-PMP, 2012 WL 4482674, at *2 (D. Nev. Sept. 26, 2012), *aff'd*, 592 Fed.Appx. 630 (9th Cir. 2015), *and aff'd,* 592 Fed.Appx. 630 (9th Cir. 2015) (internal quotation marks omitted).

The Court finds Plaintiff's Rule 56(d) request seeking discovery to support his Good Faith claim has sufficient merit to permit such discovery to proceed. Plaintiff's counsel filed a declaration with Plaintiff's response to Defendant's Motion for Partial Summary Judgment setting forth in affidavit form specific facts he hopes to elicit from further discovery. ECF No. 15 at 3. In this affidavit, Plaintiff asserts the discovery he seeks will provide "evidence regarding the unreasonableness of the [o]ffer and Defendant's investigation of [Plaintiff's] crash, which are genuine issues of material fact in dispute." *Id.* Though Defendant argued its offer and investigation of Plaintiff's crash was "reasonable," "[t]he reasonableness of an insurer's claims-handling conduct is a factual question, generally left for the jury." *Drye,* 2024 WL 1330117, at *7, *citing Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1162 (9th Cir. 2002). Thus, the evidence Plaintiff seeks to discover pertains to issue of material fact essential to oppose summary judgment. For these reasons, the Court finds Defendant's request to stay discovery relating to Plaintiff's Good Faith claim is not supported.

        b.    <u>Nevada Unfair Claims Practices Act</u>.

In its Motion for Partial Summary Judgment Defendant contends Plaintiff cannot establish Defendant violated Nevada's Unfair Claims Practices Act because Plaintiff does not provide evidentiary support for an executive level statutory violation; nor does Plaintiff provide evidence that he exhausted his administrative remedies before filing suit. ECF No. 14 at 12-13. Plaintiff responds that his Complaint provides evidence establishing each element of Defendant's violation of the Act. ECF No. 15. Unfortunately, Plaintiff does not respond to Defendant's argument that he failed to exhaust administrative remedies before filing suit. *Id*.

"NRS 686A.310 is Nevada's [U]nfair [T]rade [P]ractices statute, which enumerates various standards of practice for investigating and handling insurance claims. Nevada gives exclusive jurisdiction of any claims arising under Title 57 (in which NRS 686A.310 is contained) to the Commissioner of the Nevada Department of Insurance ['NDOI']." *Hwang v. Redwood Fire & Cas. Ins. Co.*, Case No. 2:22-CV-879-JCM-EJY, 2024 WL 385657, at *3 (D. Nev. Feb. 1, 2024) (citing NRS 679B.120(3) (2024); 686A.015(1) (2024)). The NDOI Commissioner has "exclusive jurisdiction" over "any matter…in which a party seeks to ensure compliance with the Insurance Code

[codified at Title 57]." *Hwang,* 2024 WL 385657, at *4, *citing Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 994 (2007). "Plaintiffs must therefore exhaust their administrative remedies with the NDOI before their claims under the Insurance Code become ripe." *Id. citing id.* (further citations omitted).

Plaintiff's UCPA claim is subject to the exclusive jurisdiction of the NDOI Commissioner. Plaintiff fails to demonstrate he exhausted his administrative remedies before filing suit. And, Plaintiff was silent in response to Defendant's contention he failed to do so. Thus, the "preliminary peek" reveals Plaintiff's UCPA claim cannot proceed. The Court finds in the absence of administrative exhaustion Defendant's Motion for Partial Summary Judgment will dispose of Plaintiff's UCPA claim in its entirety. No discovery is needed in order to reach this decision. As a result, the Court finds Defendant satisfied its burden justifying a stay of discovery regarding Plaintiff's Nevada Unfair Claims Practices Act claim.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery (ECF No. 16) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is stayed as to Plaintiff's Nevada Unfair Claims Practices Act claim.

IT IS FURTHER ORDERED that discovery is not stayed with respect to Plaintiff's Covenant of Good Faith and Fair Dealing claim.

IT IS FURTHER ORDERED that the parties' Stipulated Discovery Plan and Scheduling Order (ECF No. 18) is GRANTED to the extent that the Plan will proceed as to Plaintiff's Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing claim only.

DATED this 2nd day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE